**SO ORDERED.**



**T I F F A N Y  &  B O S C O**
P.A.

**Dated: August 17, 2009**

**2525 E. CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

_____
**CHARLES G. CASE, II**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-06626/1100180839

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-02858-CGC |
| Francine Gibson<br>        Debtor. | Chapter 13 |
| _____ | (Related to Docket # 45) |
| US Bank Natl. Assoc., as Trustee for MASTR<br>Asset Backed Securities Trust 2006-NC1 | **SIX-MONTH CURE ORDER**<br>**REGARDING MOTION FOR RELIEF** |
|         Movant,<br>    vs. | RE:  Real Property Located at<br>1616 N. 63rd Ave. #38<br>Phoenix, AZ 85035 |
| Francine Gibson, Debtor;<br>Russell A. Brown, Trustee. | |
|         Respondents. | |

        This matter having come before the Court for a Continued Preliminary Hearing on August 13,

2009 at 1:30 P.M., Movant appearing by and through its attorney, Tiffany & Bosco, P.A., Debtor

appearing as Pro Se, and good cause appearing,

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein Francine Gibson, is designated as trustor and US Bank Natl. Assoc., as Trustee for MASTR Asset Backed Securities Trust 2006-NC1 is the current beneficiary, which Deed of Trust encumbers the following described real property:

Lot 38, CYPRESS GARDENS, according to Book 237 of Maps, Page 23, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that the debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 5 - Monthly Payments at $425.51 (April 1, 2009 to August 1, 2009) | $2,127.55 |
| 5 - Late Charges at $19.37 each (April 16, 2009 to August 16, 2009) | $   96.85 |
| Motion for Relief filing fee | $  150.00 |
| Attorney Fees Due | $  800.00 |
| Total amount due | $3,174.40 |

1.      The total arrearage above in the amount of $3,174.40 shall be paid in six (6) monthly installments of $529.07.  These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the September 15, 2009 payment and continuing throughout and concluding on or before February 15, 2010.

| | | |
|---|---|---|
| $529.07 | Due | September 15, 2009 |
| $529.07 | Due | October 15, 2009 |
| $529.07 | Due | November 15, 2009 |
| $529.07 | Due | December 15, 2009 |
| $529.06 | Due | January 15, 2010 |
| $528.06 | Due | February 15, 2010 |
| $3,174.40 | TOTAL | |

2.      In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for **September 1, 2009 (Coming Due),** which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that US Bank Natl. Assoc., as Trustee for MASTR Asset Backed Securities Trust 2006-NC1 as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Order are complied with.  In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice.  In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge.  Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant.  If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor Bankruptcy Case No. 2:09-bk-02858-CGC is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and US Bank Natl. Assoc., as Trustee for MASTR Asset Backed Securities Trust 2006-NC1, and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.


_____
United States Bankruptcy Court Judge